United States District Court
Southern District of New York

| | |
|---|---|
| **Al.P.** and **N.P.**, individually and on behalf of **Ar.P.**,<br><br>*Plaintiffs*,<br><br>-against-<br><br>**New York City Department of Education**,<br><br>*Defendant*. | Civ. No. _____<br><br>**Complaint** |

**Preliminary Statement**

This is an action to enforce a judgment by the New York City Department of Education's Impartial Hearing Office. The Hearing Officer found that Defendant, the New York City Department of Education, violated Plaintiffs' rights under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 ("Section 504"), and New York State law.

**Jurisdiction and Venue**

1. This Court has jurisdiction over Plaintiffs' IDEA claims under 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C.§ 1331, and for the award of reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, and 28 U.S.C. §§ 1331 and 1367.

2. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to adjudicate any state claims that arise out of the same facts as the federal claims asserted herein.

3. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Defendant is situated or resides.

4. This Court has jurisdiction under 28 U.S.C. § 1331 in that claims are asserted under the laws of the United States; under 28 U.S.C. § 1343(a) in that claims are asserted under laws providing for protection of civil rights; and under 20 U.S.C. § 1415, 42 U.S.C. § 1983, and 29 U.S.C. § 794, *et. seq.*

5. If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(j)(3)(B) *et. seq.*

**Parties**

6. Plaintiffs, Al.P. and N.P., are the parents and natural guardians of Ar.P., a now ten-year-old boy who had been classified as a student with a disability.[1]

7. At all times relevant, Plaintiffs resided in New York, New York.

8. Plaintiff Ar.P. is a student with a disability and eligible for a Free Appropriate Public Education ("FAPE") under the Individuals with Disabilities Education Act ("the IDEA").[2]

9. Ar.P. was eligible for a FAPE under Section 504 of the Americans with Disabilities Act ("ADA") and was protected from discrimination based upon his disability.

10. Upon information and belief, Defendant New York City Department of Education is a corporate body, created by Article 52 of the New York State Education Law, CLS Educ. Law § 2550 *et seq.*, that manages and controls the public school system of the City of New York.

---

[1] Initials are used throughout this complaint in accordance with the IDEA, the Family Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the Electronic Case Filing Rules & Instructions of the Southern District of New York 21.3.
[2] The IDEA was reauthorized in 2007 as the Individuals with Disabilities Education Improvement Act; however, the statute is still commonly referred to as the "IDEA."

Defendant is a local educational agency as defined by the IDEA, and thus bears the responsibilities of a local educational agency under the IDEA and in the New York State Education Law. *See* 20 U.S.C. § 1415(a); N.Y. Educ. Law § 2590.

11. Upon information and belief, the New York City Department of Education receives funding pursuant to the IDEA, and therefore must comply with that statute's provisions, including providing a FAPE to all students with educational handicaps, including Ar.P., who reside within New York City. *See* 20 U.S.C. § 1412.

12. Upon information and belief, the New York City Department of Education's principle place of business is located at 52 Chambers Street, New York, New York 10007.

13. Upon information and belief, the New York City Department of Education is responsible for developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980).

**Legal Framework**

14. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a) (1).

15. Not only children with disabilities have legal rights under IDEA; their parents are also entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 1996 (2007).

16. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

3

17. Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

18. The IDEA sets forth detailed requirements for hearing procedures. *See* 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511–516.35. In New York City, the New York City Department of Education is responsible for ensuring that impartial hearings comport with the IDEA's requirements.

19. Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of the [IDEA]." 20 U.S.C. § 1403(a). Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. § 1403(b).

20. One of the IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

21. In New York, the primary means for initiating a special education dispute is the filing of a written "request for an impartial due process hearing" with the New York City Department of Education's Impartial Hearing Office. 8 NYCRR § 200.5(j). *See also* NYSED, Special Education, http://www.p12.nysed.gov/specialed/lawsregs/home.html (last updated July 19, 2019).

22.   The written request shall include "the name of the student, the address of the residence of the student . . . the name of the school the student is attending, a description of the nature of the problem of the student relating to such proposed or refused initiation or charge, including facts relating to such problem, and a proposed resolution of the problem to the extent known and available to the party at the time." 8 NYCRR § 200.5(j)(1)(i)(i)–(v).

23.   The respondent named in the Due Process Notice must be given notice of the request by the filing party. 8 NYCRR § 200.5(i)–(j). Upon receipt of the parent's due process complaint notice . . . the board of education shall arrange for an impartial due process hearing to be conducted.

24.   Upon the issuance of a final decision and order, parties have forty calendar days to appeal the final order and decision from the date the Impartial Hearing Officer issues his decision. N.Y. Educ. Law § 4404; 8 NYCRR § 279.4(a); *see also* N.Y. State Education Department, *How to Give Notice of Appeal*, OFFICE OF STATE REVIEW, https://www.sro.nysed.gov/book/how-give-notice-appeal (last visited January 10, 2022).

25.   Upon the expiration of the forty days, the Hearing Officer's final order and decision becomes an unappealed decision and is then final and non-appealable.

26.   In subsequent school years, a student may invoke pendency entitlements (also known as a "stay put" program) in a due process complaint for that subsequent school year. 20 U.S.C. §1415(j). The pendency entitlement "allows the child [to] remain in the then-current educational placement of the child." *Id.*

27.   The New York City Department of Education requires that students' pendency entitlements must first pass an additional threshold by requiring students' advocates to secure an

Order of Pendency ("OP" also known as an Interim Order on Pendency or "IO") before it will honor a student's automatic and unconditional right to pendency or issue a statement of agreement, either of which is contrary to applicable law. This is true even when the New York City Department of Education does not contest the pendency program that was invoked.

28. Upon information and belief, the New York City Department of Education is the only school district in New York that forces students and their advocates to seek an OP from an impartial hearing officer even when it does not contest the pendency invoked in the due process complaint.

29. Pendency is retroactive to the date of the filing of the due process complaint. *See Mackey v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir. 2004).

30. Upon information and belief, the New York City Department of Education's Impartial Hearing Order Implementation Unit is charged with timely complying with the Hearing Officer's decision.

31. Plaintiffs, as the substantially prevailing party, may recover reasonable attorneys' fees from Defendant pursuant to the fee-shifting provisions of IDEA and, in particular, 20 U.S.C. § 1415.

32. This action follows a trial that resulted in an impartial hearing officer's decision, on the merits, in Plaintiffs' favor, that established Plaintiffs' status as a substantially prevailing party for purposes of IDEA's fee-shifting provisions.

33. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that Plaintiffs may be awarded in this fee application action and in the underlying administrative

proceedings, as a prevailing party in impartial hearing case number 194877 pursuant to the express fee-shifting provisions of the federal IDEA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G).

## Facts
### 2020-2021 School Year—Impartial Hearing Case Number 194877

34. Ar.P. suffers from autism, ADHD, selective mutism, and an expressive language disorder.

35. On June 15, 2020, the Plaintiffs provided the New York City Department of Education with 10 days' notice that they intended to seek funding for a summer speech and therapy program due to the New York City Department of Education's denial of FAPE for the 2020-2021 school year.

36. Plaintiffs filed a due process complaint on June 30, 2020, alleging a denial of FAPE for the 2020-2021 school year.

37. The due process complaint was processed as case number 194877.

38. Plaintiffs filed a second due process complaint on September 23, 2020, requesting funding for Ar.P.'s attending the Aaron School due to a denial of a FAPE for the 2020-2021 school year.

39. The second due process complaint was processed as case number 201809.

40. On November 23, 2020, the Hearing Officer consolidated case numbers 194877 and 201809.

41. Plaintiffs filed an amended due process complaint for case number 194877 on December 21, 2020, to include additional relief, claims and updated pendency entitlements.

42. The hearing in the consolidated matters was held on April 20, 2021.

43. Plaintiffs introduced thirty-nine documents into evidence.

44. Defendant entered eleven documents into evidence.

45. Plaintiffs called three witnesses for their case in chief.

46. Defendant called no witnesses.

47. On April 22, 2021, the Hearing Officer issued a fifty-eight page decision in Plaintiffs' favor.

48. Specifically, the Hearing Officer found that the New York City Department of Education "functionally conceded" that it failed to offer Ar.P. a FAPE for 2020-21. The Hearing Officer Ordered the following:

> I Order the district, by way if injunction, (1) to continue to place, and to pay for, the student at that school for the entire 2020-21 school year … (2) to reimburse the family for their out of pockets costs for the child's placement …; and (3) to pay directly to the school [in which Ar.P was placed by his parents] any outstanding amount as yet unpaid for the program and services for that period.

49. The New York City Department of Education did not appeal the Hearing Officer's decision and it is now final and non-appealable.

50. Plaintiffs are therefore the substantially prevailing party and are entitled to their reasonable attorneys' fees and costs.

51. Despite many requests made to New York City Department of Education's Impartial Hearing Office Implementation Unit, the New York City Department of Education has not complied with any part of the April 22, 2021, final order and decision.

52. In accordance with the April 22, 2021, Hearing Officer's decision, the New York City Department of Education still owes Plaintiffs money for reimbursement.

53. The Plaintiffs also incurred attorneys' fees obtaining the Hearing Officers' decision and continue to incur attorneys' fees in this matter.

54. This action is timely brought to recover attorneys' fees.

55. Under the fee-shifting provisions of the IDEA statute, plaintiffs should be awarded their reasonable attorneys' fees and other recoverable costs at the impartial hearing level, in their efforts to enforce the Hearing Officer's decision, and in this action in a total amount to be determined by this Court.

**2021-2022 School Year—Impartial Hearing Case Number 209186**

56. On June 15, 2021, Plaintiffs gave the New York City Department of Education 10 days' notice that Plaintiffs intended to assert their pendency right for Ar.P to attend the Child Mind Institute summer program.

57. On June 30, 2021, Plaintiffs filed a due process complaint alleging a denial of FAPE for the 2021-2022 school year and invoked Ar.P.'s pendency entitlements according to the Impartial Hearing Officer's Findings of Fact and Decision dated April 22, 2021, Case number 194877 which ordered the New York City Department of Education to fund Ar.P.'s speech therapy summer program.

58. On July 6, 2021, the New York City Department of Education declined to fund Ar.P.'s summer program.

59. On August 16, 2021, Plaintiffs gave the New York City Department of Education 10 days' notice that Plaintiffs intended to assert their pendency right for Ar.P's to attend the Aaron School.

60. Plaintiffs filed a due process complaint on August 31, 2021, alleging a denial of FAPE for the 2021-2022 school year and invoked Ar.P.'s pendency entitlements according to the Impartial Hearing Officer's Findings of Fact and Decision dated April 22, 2021, Case number

194877 which ordered the New York City Department of Education to fund Ar.P.'s private school placement.

61. On September 7, 2021, the New York City Department of Education declined to fund Ar.P.'s placement at the Aaron School.

62. The due process demands were filed and processed as case number 212190.

63. As of the date of this Complaint, New York City Department of Education has failed to comply with Ar.P.'s pendency entitlements and has not made any payments and has failed to fund Ar.P.'s educational program in violation of 20 U.S.C § 1415(j).

64. The 2021-2022 school year case is still pending in the impartial hearing office and Ar.P.'s pendency entitlements remain in effect.

## Causes of Action
### FIRST CAUSE OF ACTION
**THE IDEA—2020-2021 School Year—Failure to Comply With the Hearing Officer's decision**

65. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

66. The Hearing Officer's April 22, 2021, decision ordered the New York City Department of Education "(1) to continue to place, and to pay for, the student at that school for the entire 2020-21 school year … (2) to reimburse the family for their out of pockets costs for the child's placement …; and (3) to pay directly to the school [in which Ar.P was placed by his parents] any outstanding amount as yet unpaid for the program and services for that period."

67. The Hearing Officer's April 22, 2021, decision is now a final, non-appealable decision.

68. Plaintiffs have incurred $72,580 in tuition payments to the Aaron School for the 2020-2021 school year. As of the date of this complaint, Defendant has failed to reimburse Plaintiffs for $20,860.00 of that tuition.

69. As of the date of this complaint, Defendant also has failed to pay $5,500 that the Plaintiffs incurred for speech therapy.

70. Defendant has failed to implement fully the Hearing Officer's April 22, 2021, decision.

## SECOND CAUSE OF ACTION
### THE IDEA - 2021-2022 School Year Pendency Entitlement

71. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

72. Defendant has repeatedly failed to implement Ar.P.'s stay put rights under the IDEA, including Ar.P.'s right to remain at the Aaron School.

73. Plaintiffs have incurred $74,750, in tuition payments for the 2021-2022 school year, as well as  for which Defendant has not reimbursed Plaintiffs., and that amount will continue to increase.

74. Defendant has failed to reimburse Plaintiffs as required by law and has denied Plaintiffs their stay put rights under the IDEA, in violation of the IDEA.

## THIRD CAUSE OF ACTION
### Attorneys' Fees for the 2020-2021 Action and its Enforcement

75. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

76. This action follows a trial that resulted in an impartial hearing officer's decision, on the merits, in Plaintiffs' favor that also established Plaintiffs′ status as a substantially prevailing party for purposes of IDEA's fee-shifting provisions.

77. Plaintiffs, as the substantially prevailing party, may recover reasonable attorneys' fees from Defendant pursuant to the fee-shifting provisions of IDEA and, in particular, 20 U.S.C. § 1415.

78. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that Plaintiffs may be awarded in this fee application action and in the underlying administrative proceedings, as a prevailing party in impartial hearing case number 194869 pursuant to the express fee-shifting provisions of the federal IDEA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G).

79. Plaintiffs are the substantially prevailing party and are entitled to an award of costs and reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(3)(A)-(G).

80. Defendant has not paid any attorneys' fees or costs to Plaintiffs incurred for the 2020-2021 school year action despite Plaintiffs having submitted its demand for reasonable attorneys' fees in the amount of $35,463.70.

81. Plaintiffs are the substantially prevailing party and are entitled to an award of costs and reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(3)(A)-(G).

82. Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in connection with the actions concerning the 2020-2021 school year.

## Conclusion

WHEREFORE, Plaintiff respectfully requests that the Court:

i. Assume jurisdiction over this action;

ii. Issue a declaratory judgment that Defendant has violated Plaintiffs' rights as alleged herein;

iii. Issue an Order requiring Defendant to pay $26,410 that it has not paid to satisfy the April 28, 2021, Hearing Officer's decision, plus interest;

iv. Award Plaintiffs reasonable attorneys' fees and costs of $35,463.70 in accordance with Plaintiffs' status as the prevailing party in case number 194877, and the work implementing the decisions and this ensuing action; and

v. Award Plaintiffs their pendency right to reimbursement for the 2021-22 school year, which at the time of filing is $53,167, plus interest, but will continue to increase;

vi. Order the Defendant to pay Plaintiffs' reasonable attorneys' fees in connection with this action;

vii. Order Plaintiffs to submit a fee petition for the work implementing the Hearing Officer's decisions and for this ensuing action; and

viii. Award such other, and further, relief as to the Court may seem just and proper.

Dated: January 21, 2022
TYSONS CORNER, VIRGINIA

Respectfully submitted,

By: _____
William DeVinney (WTD 7117)
BRIGLIA HUNDLEY, PC
1921 Gallows Road, Suite 750
Tysons Corner, VA 22182
wdevinney@brigliahundley.com
Phone: (703) 883-0880
Fax: (703) 883-0899

*Attorneys for Plaintiffs*